UNITED STATES DISTRICT COURT
EASTERN DISTRICTOF NEW YORK

------------------------------------------------------------------------------X

NOE RAMOS

                              Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER SERGIO MENESES,
POLICE OFFICER STANISLAV YAKOVLEV, POLICE
OFFICER KAROL CORANADO, and POLICE OFFICER
THOMAS PAPAGIANOPOULO,

                              Defendants.

------------------------------------------------------------------------------X

1:25-cv-02258

**ECF CASE**

**VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff NOE RAMOS, by his attorney, The Buckvar Law Firm, P.C., alleges as follows:

## Introduction

1. Plaintiff NOE RAMOS, brings this action against The City of New York, The New York City Police Department and Police Officers STANISLAV YAKOVLEV, POLICE OFFICER THOMAS PAPAGIANOPOULO, POLICE OFFICER SERGIO MENESES, and POLICE OFFICER KAROL CORANADO (hereinafter referred to as "YAKOVLEV", "PAPAGIANOPOULO", "MENESES", and "CORANADO") for damages arising out of a false arrest, false imprisonment, malicious prosecution, use of excessive force, and other unconstitutional policies, actions and common law claims that occurred on September 16, 2012.

## Jurisdiction

2. Plaintiff brings this action against defendants to redress the deprivation of rights guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the common law.

3. Plaintiff is a citizen of the State of New York. The defendants are, upon information and belief, citizens of the State of New York, and defendant City of New York is a Municipal Corporation duly organized, operating and existing by virtue of the laws of the State of New York.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1343(a) (3), and 42 U.S.C. § 1983.

5. Plaintiff also invokes supplemental jurisdiction of this Court over plaintiff's state claims against defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C.§ 1391.

### Parties

7. Plaintiff is a resident of the State of New York.

8. Defendant City of New York operates and governs the New York City Police Department pursuant to the laws of the City and State of New York.

9. Defendants YAKOVLEV, PAPAGIANOPOULO, MENESES, and CORANADO are being sued individually and in their official capacity for violating plaintiff's rights. At all times pertinent hereto, defendant officers and supervisor were employed by the New York City Police Department and the City of New York.

10. At the time of the alleged incident at all times pertinent hereto, the defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage.

11. On June 10, 2024, plaintiff was arrested by the defendants, members of the New York City Police Department, and brought to a New York City Police Department precinct. Charges were then filed against him. He was jailed and subsequently released after being arraigned.

12. In the course of arrest, plaintiff was assaulted and battered by defendants, caused to suffer physical injuries, and was deprived of his constitutional rights.

13. On July 26, 2024, all charges against plaintiff were dismissed.

14. As a direct and proximate result of the acts and omissions of defendant, plaintiff continues to feel and experience severe emotional distress due to the actions of defendants. Plaintiff was forced to suffer physical pain and mental cruelty, was deprived of his physical liberty and loss of reputation.

15. At all times pertinent to the above-mentioned allegations, plaintiff was unarmed and did not pose a threat of death or bodily injury to defendant.

16. At no time pertinent hereto did any defendant officer have probable cause to believe plaintiff had committed or was committing a crime.

## COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS
### Defendant City of New York and Supervisors
### (Claim for Compensatory Damages)

17. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 16.

18. Defendants acted with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of plaintiff. Defendant's actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

19. Upon information and belief, at all times pertinent hereto, the City of New York permitted and tolerated a pattern and practice of unreasonable use of force by police officers.

20. Upon information and belief, the City of New York has maintained a system of review of police conduct which is untimely and cursory and therefore rendered ineffective as to permit and tolerate the unreasonable conduct by police officers.

21. The acts, omissions, systemic flaws, policies, and customs of the City of New York give tacit consent to the conduct of police officers who believe that their excessive and unreasonable

3

use of force would not be aggressively, honestly and properly investigated; and that they would not be held accountable. Such deleterious conduct, if left unchecked, would have serious consequences for our civil liberties.

22. It is the policy and practice of the City of New York to employ certain police officers, including defendants described in the foregoing paragraphs.

23. It is the policy and practice of the City of New York to authorize certain officers, including defendants, to arrest and detain certain individuals, despite the lack of probable cause. This policy and practice of the City of New York encourages and causes constitutional violations by police officers of the City of New York, including the violation of plaintiff's constitutional rights by defendants described in the foregoing paragraphs.

24. At all times pertinent hereto, supervisors who supervised the officers, who unlawfully violated plaintiff's rights, encouraged and tolerated the policies and practices described in the foregoing paragraphs. Defendant City of New York refuses to adequately train, direct, supervise, or control defendant officers so as to prevent the violation of plaintiff's constitutional rights and/or the use of excessive force.

25. At all times pertinent hereto, defendants were acting within the scope of his employment and pursuant to the aforementioned policies and practices of the City of New York. These policies and practices were enforced by defendant City of New York, and were the moving force, proximate cause, or affirmative link behind the conduct causing the plaintiff's injury. The City of New York is therefore liable for the violation of plaintiff's constitutional rights by defendants.

### COUNT II: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### Defendant Officers and The New York City Police Department
### (Claim for Compensatory Damages)

26. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 25.

27. The defendant officers and the New York City Police Department conspired to violate plaintiff's statutory civil rights as more fully described in the foregoing paragraphs in violation of 42 U.S.C.§ 1983, for which defendants officers are individually liable.

### COUNT III: ASSAULT AND BATTERY
### The Defendant Officers and The New York City Police Department
### (Claim for Compensatory Damages)

28. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 27.

29. The use of force by the defendant officers when defendant had no lawful authority to arrest plaintiff, when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendant or others, was without justification or provocation, was excessive, and constitutes assault and battery for which the defendant officers are individually liable.

30. As a proximate result of the assault and battery committed by the defendant officers, plaintiff has been left sick, sore and disabled, has sustained permanent injuries, and has and will incur medical expenses and loss of income. These injuries have caused and will continue to cause plaintiff great pain and suffering, both mental and physical.

### COUNT IV: ASSAULT AND BATTERY
### The Defendant Officers and The New York City Police Department
### (Claim for Exemplary Damages)

31. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 30.

32. The intentional verbal abuse of plaintiff by defendants, and the use of nondeadly force when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others, when defendants did not have lawful authority to arrest plaintiff or to use deadly or non-deadly force against him, was done with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard the rights of plaintiff. Plaintiff is thus entitled to exemplary damages.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### The Defendant Officers and The New York City Police Department
### (Claim for Compensatory Damages)

33. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32.

34. The defendant officers intentionally arrested and abused plaintiff in a manner that was extreme, outrageous, and unjustified, and caused plaintiff to suffer emotional distress for which defendants are individually liable.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Defendant Officers and The New York City Police Department
### (Claim for Exemplary Damages)

35. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 34.

36. The intentional arrest and verbal abuse of plaintiff by the defendant officers was unjustified and done with actual malice and wanton indifference to a deliberate disregard for the rights of plaintiff. Plaintiff is thus entitled to exemplary damages.

## COUNT VII: RESPONDEAT SUPERIOR LIABILITY
### Defendant City of New York
### (Claim for Compensatory Damages)

37. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 36.

38. At all times pertinent here to, the defendant officers were acting within the scope of their employment as officers of the New York City Police Department and employees of the City of New York.

39. The defendant City of New York and New York City Police Department engaged in a pattern and a practice of ignoring, acquiescing, tolerating, allowing and/or encouraging members of the New York City Police Department, such as the defendant officers, to use excessive force

7

and/or detaining and/or arresting persons without probable cause; in that the person had committed or was committing a crime, and in doing so ratified the defendant officers' illegal actions.

40. The City of New York is liable for compensatory damages under the doctrine of respondeat superior for the intentional tort of the defendant officers committed within the scope of their employment.

## COUNT VIII: RESPONDEAT SUPERIOR LIABILITY
### Defendant City of New York
### (Claim for Exemplary Damages)

41. Plaintiff incorporates herein the allegations contained in paragraph 1 through 40.

42. New York City, through its agents, expressly authorized the defendant officers to engage in such activity as false arrests; knew, through its agents, that the defendant officer had a propensity for making false arrests and committing intentional torts, including assault, battery, and use of excessive force, in the line of duty; and acquiesced in the defendant's wrongful conduct. Plaintiff is thus entitled to exemplary damages against the City of New York for the malicious conduct of defendants.

## COUNT IX:
## MALICIOUS PROSECUTION, FALSE ARREST, AND FALSE IMPRISONMENT
### Defendant Officers and The New York City Police Department
### (Claim for Compensatory Damages)

43. Plaintiff incorporates herein the allegations contained in paragraphs 1 though 42.

44. In arresting plaintiff, the defendant officers abused their power and authority as an employee of the New York City Police Department and the City of New York and under the color of state and or local law.

45. The defendant officers falsely arrested and falsely imprisoned plaintiff, deprived plaintiff of his rights pursuant to the Constitution and laws of the United States and of the State of New York to be free from unlawful arrests and seizures.

46. By reason of defendants' illegal detention of plaintiff, defendants subjected plaintiff to an unlawful search and seizure, false arrest, assault and battery, illegal imprisonment and malicious prosecution. The aforesaid is in direct violation of the Constitution and the laws of the United States and the State of New York.

47. As a proximate result of this malicious prosecution, false arrest, and false imprisonment, plaintiff suffered the damages as aforesaid.

### Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff requests that this Court enter judgment against the defendants and award the following amounts:

a. $3,330,000.00 compensatory damages in favor of plaintiff;

b. $9,990,000.00 exemplary damages in favor of plaintiff;

c. Costs of this action, including reasonable attorney fees to the plaintiff pursuant to 42 U.S.C.§ 1988; and

d. Such other and further relief as the court may deem appropriate.

Dated: New York, New York  
April 16, 2025

Yours, etc.

Eric Buckvar, Esq.  
THE BUCKVAR LAW FIRM, P.C.  
Attorney for Plaintiff  
30 Vesey Street, 4th Floor  
New York, NY 10007  
212-962-2173

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NOE RAMOS

Index No.: 1:25-CV-02258

Plaintiff,

**VERIFICATION**

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER SERGIO
MENESES, POLICE OFFICER STANISLAV YAKOVLEV,
POLICE OFFICER KAROL CORANADO, and POLICE
OFFICER THOMAS PAPAGIANOPOULO,
                            Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

I, NOE RAMOS, being duly sworn, deposes and says:

I am the plaintiff in the above action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_Noe Mauricio Ramos_
NOE RAMOS

Sworn to before me this
16 day of April, 2025.

_____
Notary Public

ERIC BUCKVAR
NOTARY PUBLIC, State of New York
No. 02BU4941306
Qualified in New York County
Commission Expires October 2, 2026

10